UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

CASE NO.: 6:25-cv-147-ADA

GAMES WORKSHOP LIMITED,

     Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

     Defendants.

_____/

## ORDER ON MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

THIS MATTER comes before the Court upon Plaintiff, Games Workshop Limited ("Plaintiff"), Motion for Entry of Final Default Judgment (the "Motion"), filed on February 9, 2026. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion for Final Default Judgment is **GRANTED**.

**I.**

**INTRODUCTION**

Plaintiff is the owner of several federally registered trademarks (collectively, the "Warhammer Marks"). Pl's Compl. at ¶ 23, Ex. 1. Defendants are individuals and/or business entities of unknown makeup who reside and/or operate in foreign jurisdictions and target their business activities towards consumers throughout the United States, including within this District, through the operation of Internet based e-commerce stores via Internet marketplace websites under the Seller IDs identified on Schedule "A" to the Complaint.

1

The Complaint asserts four claims against Defendants. First, Plaintiff alleges that Defendants willfully infringed and continue to infringe on the Warhammer Marks, violating 15 U.S.C. § 1114 and 15 U.S.C. § 1117. Pl.'s Compl. at ¶¶ 44-50. Second, Plaintiff asserts that the Defendants' promotion, marketing, offering for sale, and sale of Defendants' counterfeit product has created a likelihood of confusion, mistake, and deception among the general public about the origin of the counterfeit product, violation 15 U.S.C. § 1125. *Id*. at ¶¶ 51-58. Finally, Plaintiff alleges that this unlawful and infringing conduct also constitutes common law unfair competition and a violation of Plaintiff's common law trademark rights. *Id*. at ¶¶ 59-68.

Plaintiff moved for a temporary restraining order on April 18, 2025, which the Court granted on April 29, 2025. ECF No. 8. Plaintiff also moved for leave to serve Defendants with process via alternative means, which the Court also granted. ECF No. 9. Plaintiff effectuated service on the Defendants by e-mailing the Defendants' email addresses provided by Amazon, the online platform. Cert. of Serv., ECF No. 23. On July 10, 2025, the Court entered a preliminary injunction against the Defendants. Order, ECF No. 68. A clerk's entry of default was entered on June 4, 2025. ECF No. 59. Several Defendants have been voluntarily dismissed. *See* ECF Nos. 34, 36, 37, 40, 45, 46, 51, 56, 57, 61-63, 69-72. The remaining Defaulting Defendants identified in Final Default Schedule A enclosed herewith have not appeared or otherwise defended the suit. Pl's Mot. Default J. at 6. Plaintiff moved for entry of final default judgment by the Court on February 9, 2026. *Id*.

## II.

## <u>RELEVANT LAW</u>

Default may be entered against a party when it fails to answer or otherwise defend a suit. FED. R. CIV. P. 55. The following three steps must be followed to obtain a default judgment: (1)

default by the defendant; (2) entry of default by the Clerk; and (3) entry of default judgment by the court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). To enter default judgment, courts typically determine whether default judgment is appropriate by considering the *Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998) factors and whether the pleadings have a sufficient basis for judgment. *Nautilus Ins. Co. v. A Best American Roofing, LLC*, EP-18-CV-320-PRM, 2019 WL 1473140, at \*2 (W.D. Tex. Apr. 3, 2019) (citing *Lindsey*, 161 F.3d at 893 and *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Yeti Coolers, LLC v. Zhejiang Zhuosheng Indus. & Trade Co., Ltd.*, 1:17-CV-821-RP, 2019 WL 2568748, at \*2 (W.D. Tex. June 21, 2019).

Section 1114 of the Lanham Act covers trademark infringement claims, while § 1125 covers false designation of origin claims. The elements of trademark infringement and false designation of origin are essentially the same, and the Court must evaluate the two claims together. *See Petro Franchise Sys., LLC v. All Am. Props., Inc.*, 607 F. Supp. 2d 781, 788 (W.D. Tex. 2009). Where trademark ownership is established, the Lanham Act provides a cause of action for infringement where (1) one uses any reproduction, counterfeit, copy, or colorable imitation of a mark, (2) without the registrant's consent, (3) in commerce, (4) in connection with the sale, offering for sale, distribution, or advertising of any goods, (5) where such use is likely to cause confusion, or to cause mistake or to deceive. *Id.* (*citing Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008)) (internal quotations omitted). The test for false designation of origin is essentially the same but is broader in scope. *Sun-Fun Prod., Inc. v. Suntan Rsch. & Dev. Inc.*, 656 F.2d 186, 192 (5th Cir. 1981) (stating that the touchstone under false designation of origin claims is not similarity of the registered mark but similarity in the overall trade dress of the products).

Plaintiff's well-pleaded factual allegations are taken as true after default, and default functions as an admission of those allegations. *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002). Failure to answer or otherwise defend is admission of liability but not agreement with proposed damages. *Id*. An evidentiary hearing is not necessary to determine damages if damages are liquidated or mathematically calculable. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III.

### ANALYSIS

First, the Court must determine whether default judgment is appropriate. To obtain default judgment, the following must occur: (1) default by the defendant; (2) entry of default by the Clerk; and (3) entry of default judgment by the court. *N.Y. Life Ins. Co.*, 84 F.3d at 141. By virtue of THE Defaulting Defendants' silence in this matter, the Defaulting Defendants' defaulted. FED. R. CIV. P. 55. Service was properly executed on the Defaulting Defendants, yet the Defaulting Defendants have not appeared, answered, or otherwise defended this suit. Pl.'s Req. Enter Default at 2, ECF No. 58; Id., Ex. Aff. at 1. The Court Clerk entered default against Defendant on June 4, 2025. Clerk's Entry Default, ECF No. 59 at 1. Therefore, default judgment may be entered by the Court, and the Court must now determine whether default judgment is appropriate.

Under *Lindsey*, the Court must considering the following:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. There are no issues of material fact, as the Defaulting Defendants failed to respond to Plaintiff's allegations in any manner. The Defaulting Defendants do not face

4

prejudice as each has admitted to the allegations through its default. *Jackson*, 302 F.3d at 524. Grounds for default are "clearly established" as Plaintiff properly served the Defaulting Defendants pursuant to this Court's order granting alternative service, and the Defaulting Defendants have not defended the suit. The Defaulting Defendants have not claimed any good faith mistake or excusable neglect. The Defaulting Defendants failed to respond though they had time to do so, mitigating the harshness of default judgment. While default judgment is not a favored remedy of the courts, the Defaulting Defendants failed to set forth any good cause which would oblige the Court to set aside default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Therefore, the *Lindsey* factors weigh in favor of default judgment.

Next, the Court must determine whether there is a sufficient basis in the pleadings for default judgment. *Nishimatsu Const. Co., Ltd.*, 515 F.2d at 1206. Plaintiff alleges Defendant violated 15 U.S.C. § 1114 and § 1125 by selling counterfeit goods bearing one or more of its Warhammer Marks. Where trademark ownership is established, the Lanham Act provides a cause of action for infringement where (1) one uses any reproduction, counterfeit, copy, or colorable imitation of a mark, (2) without the registrant's consent, (3) in commerce, (4) in connection with the sale, offering for sale, distribution, or advertising of any goods, (5) where such use is likely to cause confusion, or to cause mistake or to deceive. *Petro Franchise Sys., LLC*, 607 F. Supp. 2d at 788, citing *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). However, in the case of a counterfeit mark, likelihood of confusion is clear and courts need only determine whether the items are counterfeit and whether the defendant sold, offered for sale, advertised, or promoted those items. *Philip Morris USA, Inc., v. Lee*, 547 F. Supp. 2d 667, 674 (W.D. Tex. 2008) (internal citations omitted).

Plaintiff's pleadings provide a sufficient basis for default judgment on Counts I-IV. Plaintiff is the registered owner of the Warhammer Marks. Pl.'s Compl., ¶ 23. Plaintiff also provided webpage captures showing Defaulting Defendants' promotion and offering for sale the counterfeit goods using one or more of the Warhammer Marks. ECF No. 5-3 to 5-6. These allegations are enough to raise Plaintiff's right to relief above a speculative level. *Wooten*, 788 F.3d at 498. Therefore, Plaintiff established a sufficient basis for default judgment to be entered on these counts. *Nishimatsu Const. Co., Ltd*., 515 F.2d at 1206.

Because the *Lindsey* factors weigh in favor of default judgment and the pleadings have a sufficient basis for default judgment to be entered, the Court may enter default judgment against the Defaulting Defendants.

Finally, the Court must determine what relief should be awarded to Plaintiff. Plaintiff requests an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) as well as entry of a permanent injunction.

Turning first to Plaintiff's request for damages. The Court does not need to hold an evidentiary hearing on the issue of damages if damages are liquidated or mathematically calculable. *United Artists Corp.*, 605 F.2d at 857. Plaintiff requests statutory damages of $100,000 per Defaulting Defendant under 15 U.S.C. § 1117(c)(1) and (2). Statutory damages are mathematically calculable and supported by sworn testimony provided by Plaintiff, and thus an evidentiary hearing is not necessary. *United Artists Corp.*, 605 F.2d at 857; *Joe Hand Promotions, Inc. v. Fusion Hookah*, LLC, A-16-CV-1339-RP, 2018 WL 1887293, at *4 (W.D. Tex. Feb. 1, 2018).

With respect 15 U.S.C. § 1117(c), an aggrieved party may recover statutory damages of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services,

sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is willful, however, the aggrieved party may recover statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). Plaintiff argues that $100,000 per Defaulting Defendant is warranted, which is comparable to awards from other courts in similar circumstances. *See, e.g.*, *Viaheart, LLC v. Does 1-54*, No. 6:18-cv-604-RWS, 2021 WL 777083, at *8 (E.D. Tex. Jan. 29, 2021) ($250,000 per defendant); *BVE Brands, LLC v. Does 1-82*, No. 1:20-CV-505-RP, 2021 WL 12095063, at *6 (W.D. Tex. June 23, 2023) ($100,000 per defendant); *Mighty Mug, Inc. v. Individuals, Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:22-cv-00100-RP, 2023 WL 4850953, at *6 (W.D. Tex. June 23, 2023) ($50,000 per defendant). The Court agrees that $100,000 per Defaulting Defendant is adequate compensation for each Defaulting Defendants' willful trademark infringement and false designation of origin under 15 U.S.C. § 1117(c)(2).

Plaintiff also seeks entry of a permanent injunction to prevent the Defaulting Defendants' continued or further infringement of the Warhammer Marks. When evaluating injunctive relief, a plaintiff must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391–92 (2006).

Plaintiff has shown that injunctive relief is appropriate in this case. First, Plaintiff has established that the Defaulting Defendants sale of counterfeit product caused irreparable injury to Plaintiff. Compl., Dkt. 1, ¶¶ 42, 50 ). Second, as noted by the Fifth Circuit, in infringement cases,

7

money damages alone are usually inadequate because they will not prevent future infringing activity by the Defaulting Defendants. *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013); *see also Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief."). Third, enjoining the Defaulting Defendants from infringing Plaintiff's Warhammer Marks does not impose any hardship on the Defaulting Defendants so long as Defaulting Defendants respect Plaintiff's intellectual property rights. Thus, the balance of hardships weighs in favor of granting Plaintiff's request for injunctive relief. Finally, "permanent injunctive relief will not disserve the public interest. Instead, it will prevent consumer confusion and deception in the marketplace and promote compliance with intellectual property law." *Better Keiki, LLC b. MairicoDirect*, No. 4:17-cv-00850, 2018 WL 5305571 *9 (E.D. Tex. Aug. 29, 2018). The Court grants Plaintiff's request for a permanent injunction.

## IV.

## <u>CONCLUSION</u>

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Default Judgment is **GRANTED** against those Defaulting Defendants listed in the attached Final Default Schedule "A."  Pursuant to Fed. R. Civ. P. 58(a), Final Default Judgment will be entered by separate order.

DONE AND ORDERED in Waco, Texas, this 9th day of March, 2026.

**HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**